UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. ANSMAN : | CIVIL ACTION NO. 3:21-0040 |
| **Plaintiff** : | |
| v. : | (JUDGE MANNION) |
| JESSICA COUSINS, *et al.*, : | |
| **Defendants** : | |

**MEMORANDUM**

I. **Background**

Plaintiff, John J. Ansman, an inmate currently confined at the State Correctional Institution, Huntingdon, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). The named Defendants are the following employees of the Pennsylvania Department of Corrections: Mr. Sisto, Mr. Gross, Mr. Ralston, John Wetzel, and Amanda West. Id. Plaintiff also names Jessica Cousins, CRNP as a Defendant. Id. Plaintiff's complaint, encompassed in a nine-page diatribe and supported with forty-one pages of exhibits, allege various claims as set forth in Plaintiff's numerous Inmate's Request to Staff Members, dating from 2017 to 2020. (Doc. 1-1 at 1-41).

By Memorandum and Order dated November 15, 2021, the Court granted Defendants' motions to dismiss Plaintiff's complaint for failure to comply with Fed R. Civ. P. 20(a)(2) and afforded Ansman the opportunity to

file an amended complaint on or before December 3, 2021. (Docs. 35, 36). By Order dated November 30, 2021, Plaintiff was granted an enlargement of time until February 26, 2022, within which to file his amended complaint. (Doc. 38).

On December 8, 2021, Plaintiff filed a notice of change of address indicating that he had been released from SCI-Huntingdon and resided at Tomorrows Hope, 6260 Heverly Boulevard, Coalport, Pennsylvania. (Doc. 39).

To date, Plaintiff has failed to file his amended complaint, or an enlargement of time within which to do so.

Presently before the Court is Defendant Cousins' motion to dismiss the above captioned action for Plaintiff's failure to prosecute. (Doc. 40). For the reasons that follow, the Court will grant Defendant's motion to dismiss for failure to prosecute and will dismiss the above captioned action for Plaintiff's failure to prosecute and failure to comply with a Court Order.

## II. Discussion

A review of the docket shows that Ansman has not made any filings with the Court since his December 8, 2021 notice of change of address. Nor has Plaintiff requested additional time in which to file an amended complaint.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis). The determination regarding dismissal of an action for failure to prosecute rests within the broad discretion of the trial court. Emerson v. Thiel College, 296 F.3d 184, 290 (3d Cir. 2002).

The Third Circuit in Poulis set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

Adequate grounds have been established for the extreme sanction of dismissal. It is initially noted that even under the most generous treatment given to Plaintiff's original complaint, the factual averments contained within

the complaint failed to state a meritorious claim. Thus, the original complaint could not be allowed to proceed. Furthermore, although Ansman has been granted a reasonable period of time, he has failed to make any attempt to submit an amended complaint as directed. Accordingly, a finding of dilatoriness and willful conduct is warranted. Second, other sanctions are not a viable alternative because this matter simply cannot proceed without the filing of an adequate amended complaint.

### III. Conclusion

Based on the above, the Court will grant Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with Court order.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 13, 2022**
21-0040-02